UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-cv-24628-SCOLA

RICHARD WARD,

     Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINE,

     Defendant.

_____/

## *AMENDED* **JOINT PROPOSED JURY INSTRUCTIONS**
*(Amended ONLY to include Defendant's Statement of Case)*

The parties to this action, Richard Ward, Plaintiff, and Carnival Corporation d/b/a Carnival Cruise Line, Defendant, by and through their undersigned attorneys and in compliance with the Court's Scheduling Order and Order of Referral to Mediation [D.E. 10], hereby jointly file their *Amended* Joint Proposed Jury Instructions.  As required by this Court's Order [DE 10], where the parties do not agree on a proposed instruction, that instruction shall be set forth in **bold type**. Instructions proposed only by the Plaintiffs are <u>underlined</u>, and instructions proposed only by the Defendant are *italicized*.

These amended instructions include the Defendant's statement of the case which were inadvertently omitted in the original filing of theses instructions.  No other modifications were made to these instructions.

## PROPOSED JURY INSTRUCTION NO. 1

**3.1 Introduction**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority:        Eleventh Circuit Civil Pattern Jury Instruction 3.1

GRANTED                  _____

DENIED                     _____

MODIFIED                _____

WITHDRAWN           _____

## PROPOSED JURY INSTRUCTION NO. 2

### 1.1 General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiff's:

**Carnival provides its passengers cabins with private bathrooms on each of its ships including the Carnival *Conquest*.  Above Carnival's passenger cabins, Carnival runs**

plumbing and air-conditioning systems.  Carnival has plumbers onboard each of its ships to maintain these systems.  Carnival knows it needs shipboard plumbers because plumbing breaks due to ship vibration as well as from age and repetitive use of the plumbing lines. Carnival's plumbers experience leaks and have seen plumbing leaks from passenger cabin bathrooms for years.  Carnival documents plumbing leaks with work orders which identify the location and nature of plumbing repair work.

Despite this knowledge Carnival fails to inspect and maintain the condition of its plumbing systems which leak into cabins.  Carnival's maintenance protocol for plumbing above cabin ceilings is a reactive system.  Carnival allows its plumbers to wait for its plumbing to leak so badly that water visibly passes through Carnival's ceilings.  Carnival's plumbers rely on Carnival passengers and/or housekeeping crewmembers to find these leaks for them.  Once a Carnival passenger or housekeeping crewmember find visible leaks, only then does Carnival send its plumbers to perform repairs.

Carnival allowed its plumbing systems to leak through the cabin bathroom ceiling of cruise passenger Ward.  During Ward's first night onboard the *Conquest*, Carnival's leaky plumbing system leaked so much water onto Ward's bathroom floor that the entire bathroom floor was covered with water.

Ward woke up during the early hours the next morning to use his cabin bathroom.  Ward opened the door and turned the cabin bathroom light on.  As Ward stepped into the bathroom his foot slipped, he tried to regain his balance, but slipped and fell hitting his head on the bathroom door and cabin floor.  Ward landed with his low back and hips on Carnival's cabin bathroom threshold with his legs in the bathroom and his torso and above in the main cabin.  The water on Carnival's cabin bathroom floor blended with the flooring such that Ward could not see the water prior to entering the bathroom.  Ward's significant other, Janice Dunn, came to assist Ward who also noted that the water was camouflaged with Carnival's bathroom flooring.  Dunn only learned there was water on the floor after she saw Ward's wet clothing.

The large puddle of water in Carnival's passenger cabin bathroom caused Ward to suffer severe and permanent injuries.  Ward suffered a traumatic brain injury. Ward underwent diffusion tensor imaging, a highly sensitive three-dimensional type of MRI that examined the microstructure of the white matter in Ward's brain.  Ward's imaging revealed a traumatic axonal shear injury.  Ward also suffered a cervical (neck) spine injury which required surgery to fuse 3 levels of Ward's cervical spine in addition to aggravation to lower back and hip. Ward's right wrist sustained a contusion, sprain, DeQuervain tenosynovitis, a triangular fibrocartilage complex tear as well as a scapholunate tear as a result of his fall.

*DEFENDANT'S STATEMENT OF CASE.*

*Carnival denies that it was negligent and contends it exercised reasonable care under the circumstances at all pertinent times. Carnival contends Plaintiff's efforts to impose strict liability on it violate the applicable governing standard of care under the governing maritime law. Carnival is not strictly liable for guest injuries; rather, it owes its guests the duty to exercise reasonable*

*care under the circumstances, which it satisfied. Carnival exercised reasonable care in maintaining Plaintiff's stateroom bathroom and in maintaining the vessel's plumbing. Carnival did not have actual or constructive notice that a potable water pipe in the Plaintiff's stateroom was about to fail or leak. There are miles of potable water pipes that run throughout the subject ship and there is no reasonable method to determine when a pipe may leak in the future. This is particularly true for pipes that are enclosed behind finished bulkheads or above the ceilings of passenger cabins. Carnival did not have actual or constructive notice of any alleged dangerous condition in the Plaintiff's stateroom bathroom. Carnival submits it did not owe Plaintiff a duty to warn him of the presence of water on his stateroom bathroom floor when 1) Carnival did not have notice of the said condition, and 2) it was objectively an open and obvious condition that Plaintiff did or should have observed and comprehended, thus avoiding the alleged incident. Plaintiff also fails to prove by a preponderance of the evidence that the condition he alleges was the direct or proximate cause of his claimed injuries. Plaintiff fails to meet his burden that the alleged incident caused an alleged traumatic brain injury, cervical spine injury and/or aggravation of a pre-existing condition requiring surgery, right wrist injury and/or aggravation of a pre-existing condition requiring surgery, or injury to any other body part claimed throughout this case.*

Burden of proof:

Richard Ward has the burden of proving their case by what the law calls a "preponderance of the evidence." That means Richard Ward must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Richard Ward and the evidence favoring Carnival on opposite sides of balancing scales, Richard Ward needs to make the scales tip to his side. If Richard Ward fails to meet this burden, you must find in favor of Carnival.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On all "affirmative defenses," Defendant, Carnival has the burden of proving the elements of a defense by a preponderance of the evidence. After considering all the evidence, if you decide that Carnival has proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the Jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.
Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Richard Ward will present their witnesses and ask them questions. After Richard Ward questions the witness, Carnival may ask the witness questions – this is called "cross-examining" the witness. Then Carnival will present its witnesses, and Richard Ward may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authority:  Eleventh Circuit Civil Pattern Jury Instruction 1.1

GRANTED                 _____

DENIED                    _____

MODIFIED                _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 3

**Burden of Proof – Clear and Convincing Evidence**

**Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.**

Authority:  Eleventh Circuit Civil Pattern Jury Instruction 1.2

GRANTED                _____

DENIED                _____

MODIFIED                _____

WITHDRAWN                _____

## PROPOSED JURY INSTRUCTION NO. 4

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the   trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 1.4

GRANTED            _____

DENIED            _____

MODIFIED            _____

WITHDRAWN            _____

**PROPOSED JURY INSTRUCTION NO. 5**

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 1.5

GRANTED                 _____

DENIED                    _____

MODIFIED                _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION NO. 6**

**Interim Statements**
**Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.4**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney] 's view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

**PROPOSED JURY INSTRUCTION NO. 7**

**Stipulations**
**Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.1**

*Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.*

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 8

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Dr. Sally Kolitz Russell, taken on November 9, 2018 and November 29, 2018; Carnival's Corporate Representative, taken on August 24, 2018; Carnival Crewmember Danny D'Souza, taken on August 28, 2018; Carnival Crewmember September 23, 2018, [is about to be/has been] presented to you [by a video]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 2.2

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION NO. 9**

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [Carnival Corporation and Richard Ward] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [Carnival Corporation and Richard Ward] gave the answers in writing while under oath.

You must consider [Carnival Corporation and Richard Ward]'s answers to as though [Carnival Corporation and Richard Ward] gave the answers on the witness stand.

Authority:     Eleventh Circuit Civil Pattern Jury Instruction 2.6

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 10

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 3.2.2

GRANTED                _____

DENIED                 _____

MODIFIED               _____

WITHDRAWN              _____

## PROPOSED JURY INSTRUCTION NO. 11

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority:     Eleventh Circuit Civil Pattern Jury Instruction 3.3

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION NO. 12

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 3.4

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 13

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority:      Eleventh Circuit Civil Pattern Jury Instruction 3.5.1

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 14

**3.6.1 Expert Witness**

**When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.**

**But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.**

Authority:        Eleventh Circuit Civil Pattern Jury Instruction 3.6.1

GRANTED            _____

DENIED            _____

MODIFIED            _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 15

**Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income**

*When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.*

*But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.*

*When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness whose court testimony is given with regularity and represents a significant portion of the witness's income.*

*Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.6.2*

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 16

### Conflicting Expert Testimony

**You have heard testimony of expert witnesses on both sides of the case.**

**The testimony of these witnesses is in conflict.  They disagree.  You must remember that you are the sole trier of the facts and their testimony relates to a question of fact - that is, the issue of proximate cause; so it is your job to resolve the disagreement.**

**The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave you their opinion, you consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.**

**You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all of the evidence.  You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.**

**You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you.**

Authority:    Modern Federal Jury Instructions, 2004 Vol. 4, Hon. Leonard B. Sand, Instruction 76-10 Conflicting Expert Testimony, LexisNexis, Matthew Bender.  See also Fed. R. Evid. 702 and 704.

GRANTED               _____

DENIED                _____

MODIFIED              _____

WITHDRAWN             _____

## PROPOSED INSTRUCTION NO. 17

## BURDEN OF PROOF — PLAINTIFF'S CLAIMS —
## PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for Carnival as to that claim.

Authority: *Eleventh Circuit Civil Pattern Jury Instruction 3.7.1*

GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

**PROPOSED JURY INSTRUCTION NO. 18**


**Responsibility for Proof** – **Affirmative Defense**
**Preponderance of the Evidence**
**Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.7.2**


In this case, the Defendant asserts the affirmative defenses of Mr. Ward's comparative negligence.  Even if the Plaintiff proves by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the Defendant does not have to disprove the Plaintiff's claim[s], but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.


Authority: *Eleventh Circuit Civil Pattern Jury Instruction 3.7.2*


GRANTED                 _____

DENIED                    _____

MODIFIED               _____

WITHDRAWN         _____

## PROPOSED JURY INSTRUCTION NO. 19

## NEGLIGENCE

**Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.**

Authority:      Florida Standard Jury Instruction 401.4.

GIVEN                   _____

DENIED                  _____

MODIFIED                _____

WITHDRAWN               _____

## PROPOSED JURY INSTRUCTION NO. 20

### 8.1  Negligence General Instruction (and Comparative Negligence Defense)

In this case the Plaintiff, RICHARD WARD, claims that the Defendant, Carnival Corporation was negligent and that such negligence was a legal cause of damage sustained by Mr. Ward.  On the other hand, Carnival contends it exercised reasonable care under the circumstances, was not negligent, and that Plaintiff's own negligent acts are what caused her alleged accident.  To succeed on a claim for negligence, Mr. Ward must prove each of the following facts by a preponderance of the evidence:

First:  that the Carnival was "negligent" and

Second:  that such negligence was a "legal cause" of the injury or damage sustained by Mr. Ward.

In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues.

"Negligence" means the failure to use reasonable care. Reasonable care is the degree of care that a reasonably careful person would use under similar circumstances. Negligence can mean doing something that a reasonably careful person wouldn't do under like circumstances, or failing to do something that a reasonably careful person would do under like circumstances.

If a preponderance of the evidence doesn't support Mr. Ward's claim for negligence, then your verdict should be for Carnival. But if a preponderance of the evidence supports Mr. Ward's claim, you must next consider Carnival's defenses.

If you determine that Carnival was negligent, you must then find that such negligence was the legal cause of damage to Mr. Ward.  Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage

*would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.*

*Carnival claims that Mr. Ward was also negligent and that Mr. Ward's negligence was a legal cause of his own injury or damage. This is a defensive claim, which requires Carnival to prove these two facts by a preponderance of the evidence:*

*First, you must find that Mr. Ward was also negligent.*

*And second, you must find that the negligence was a legal cause of Mr. Ward's own injury or damage.*

*In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues.*

*The law requires you to compare any negligence you find on the part of both parties because, in this case, Carnival claims that Mr. Ward's negligence contributed to his injuries. If you find in Carnival's favor on this defense, by finding that Mr. Ward was also negligent, that won't prevent Mr. Ward from recovering. But it will reduce Mr. Ward's recovery amount by the degree of his negligence. This is a legal concept called "comparative negligence."*

*For example, if you find that Mr. Ward was 50% responsible for his own injury, then you must reduce his recovery amount by that percentage. By using the number 50% as an example, I don't mean to suggest that Mr. Ward was negligent, or if he was negligent, to what degree. That's a decision entrusted to you and it's up to you to determine the percentage, if any, of Mr. Ward's negligence.*

Carnival further alleges that Mr. Ward's negligence was a contributing cause of Mr. Ward's injury or damage. Since I've already explained the meaning and effect of a finding that Mr. Ward was comparatively negligent, I won't do so again -- except to remind you that Carnival must prove this defense by a preponderance of the evidence.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Ward's damages -- no more, no less. You must not impose or increase these compensatory damages to punish or penalize Carnival. And you must not base these compensatory damages on speculation or guesswork because Mr. Ward can recover only his actual damages.

But the law doesn't restrict compensatory damages only to actual loss of time or money. Compensatory damages cover both the mental and physical aspects of injury -- tangible and intangible. It's not value you're trying to determine, but an amount that fairly compensates Mr. Ward for emotional pain and mental anguish. No evidence of these things has been, or need be, introduced. And there's no exact standard to apply, but any such award should be fair and just in light of the evidence.

If you find that damages have been proved by a preponderance of the evidence, you should consider only the following elements of damage:

• medical and hospital expenses incurred in the past and that more likely than not she will incur in the future; and

• physical and emotional pain and anguish.

Anyone who claims damages because of an alleged wrongful act by another has a duty to "mitigate" those damages -- to take advantage of any reasonable opportunity under the circumstances to reduce losses or damages.

*So if you find, by a preponderance of the evidence, that Mr. Ward failed to seek out, or take advantage of, a business or employment opportunity reasonably available to her under all the circumstances the evidence shows, you should reduce any damage award by the amount Mr. Ward could reasonably have received if she had taken advantage of such an opportunity.*

Authority: *U.S. Eleventh Circuit 2013 Pattern Jury Instructions –Instruction 8.1 (modified);*
                   *U.S. Eleventh Circuit 2005 Pattern Jury Instructions – State Claims Instructions 1.1*

GIVEN                    _____

DENIED                  _____

MODIFIED             _____

WITHDRAWN       _____

### PROPOSED JURY INSTRUCTION NO. 21

### Standard of Care

The standard of care due to Richard Ward by Carnival is that standard of care which is reasonable under the circumstances.  Specifically, the Supreme Court has defined the duty of care owed passengers by a cruise ship operator as follows:  "[T]he owner of a ship in navigable waters owes to all the duty of exercising reasonable care under the circumstances of each case."

Reasonable care, as a standard for imposing liability, requires as a prerequisite to the imposition of liability, that Carnival has actual or constructive notice of a dangerous or risk creating condition before liability can be found.  "Constructive notice" requires that a dangerous or risk creating condition be present for a period of time sufficient to all for corrective action.  Carnical must be on notice of a dangerous or risk creating condition for a sufficient interval of time to allow it to take corrective action before liability can be found.

Authority:      *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 410 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe v. Bahamas Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines,* 900 F.2d 71, 73-74 (6th Cir. 1990); *Monteleone v. Bahamas Cruise Line, Inc.,* 838 F.2d 63, 65-66 (2nd Cir. 1988); *Muratore v. M/S Sc*otia Prince, 845 F.2d 347, 353 (1st Cir. 1988); *Rainey v. Paquet Cruises, Inc.,* 709 F.2d 169, 172 (2nd Cir. 1983); *Gibboney v. Wright,* 517 F.2d 1054, 1059 (5th Cir. 1975), *Hall v. Royal Caribbean Cruises, Ltd.*, 2004 WL 1621209 (Fla. 3d DCA July 21, 2004

GIVEN                    _____

DENIED                  _____

MODIFIED              _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION NO. 22

**Standard of care**

*A shipowner is not an insurer of its passengers' safety. That is, a shipowner does not become liable to a passenger merely because an accident occurs. Rather, the Plaintiff must show by a preponderance of the evidence that the Plaintiff's injuries were caused by an unreasonably dangerous condition of the vessel and that the condition existed as a result of the shipowner's negligence.*

*To determine whether the shipowner was negligent, the benchmark against which a shipowner's behavior must be measured is reasonable care under the circumstances. Likewise, the law requires the cruise ship passenger to also exercise reasonable care for his/her own safety. The degree of care considered "reasonable" in any particular circumstance depends on the extent to which the circumstances surrounding maritime travel are different from those encountered in daily life.*

*Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S. Ct. 406, 410 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984),*cert. denied* 470 U.S. 1004, 105 S.Ct. 1357 (1985); *Everett v. Carnival Cruise Line*, 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, 41 (S.D. Fla. 1986), *aff'd.,* 808 F.2d 60 (11th Cir. 1986); *Monteleone v. Bahama Cruise Line, Inc.*, 38 F.2d 63, 65 (2d Cir. 1988); *Rainey v. Paque Cruises Inc.*, 709 F.2d 169, 172 (2d Cir. 1983).

GIVEN                  _____

DENIED                 _____

MODIFIED               _____

WITHDRAWN              _____

## PROPOSED JURY INSTRUCTION NO. 23

### Reasonable Care

**Carnival owes a "duty to exercise reasonable care under the circumstances for the safety of its passengers" including the Plaintiff, Richard Ward.  The court has determined and now instructs you, as a matter of law, that the circumstances at the time and place of the incident complained of were such that Carnival owed a special duty to Richard Ward to subject Richard Ward to NO suffering or inconvenience which could be avoided by reasonable care and effort.**

Authority:      See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); Carlisle *v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985); *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  *Kornberg v. Carnival Cruise Lines*, 741 F.2d 1332 (11th Cir. 1984).

GIVEN                  _____

DENIED                _____

MODIFIED           _____

WITHDRAWN      _____

## JURY INSTRUCTION NO. 24

## **DUTIES OF SHIP OWNER**

**Carnival has a duty not only to react to hazard of which it has knowledge but also to inspect and find hazardous conditions and remove them. Carnival is responsible for all dangerous conditions aboard ship of which the ship owner has actual or constructive notice. Carnival is deemed to have constructive notice of the hazard "if in the exercise of reasonable care, Carnival ought to have known about or discovered the alleged dangerous condition."**

Authority:     *Everett v. Carnival Cruise Lines, Inc.,* 912 F. 2d 1355, 1358 (Eleventh Circuit 1990); *Keefe v. Bahamas Cruise Lines, Inc.,* 867 F. 2d 1318, 1322 (Eleventh Circuit 1989); *Ribitzki v. Canmar Reading & Bates*, 111 F. 3d 658, 663 (9th Cir. 1997); *Erickson v. Carnival Cruise Lines, Inc.*, 649 So.2d at 943

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION NO. 25**

**CONSTRUCTIVE NOTICE – CIRCUMSTANTIAL EVIDENCE**

**Constructive notice of the dangerous condition to the cruise line may be proven by circumstantial evidence.  This circumstantial evidence can be the size of the plumbing leak, the location of the plumbing leak, the quality of the plumbing leak or leaking condition, and the length of time the plumbing system leaked.**

Authority:   *Grayson v. Carnival Cruise Lines, Inc.,* 576 So. 2d 417(Fla. 3d DCA 1991); *Erickson v. Carnival Cruise Lines, Inc.,* 649 So. 2d at 943; *Teate v. Winn Dixie Stores, Inc.*, 525 So. 2d 1060 (Fla. 3d DCA 1988).  *See, Gonzalez v. B&B Cash Grocery Stores, Inc.,* 692 So. 2d 297 (Fla. 4th DCA 1997); *Winn Dixie Stores, Inc. v. Williams,*  264 So. 2d 862 (Fla. 3d DCA 1972).

GRANTED             _____

DENIED               _____

MODIFIED           _____

WITHDRAWN       _____

**PROPOSED JURY INSTRUCTION NO. 26**

**NOTICE: PRIOR ACCIDENTS/REPETITIVE CONDITIONS**

**Notice of the dangerous condition can also be shown through evidence of an ongoing or repetitive condition.  That is, constructive notice can be shown "by evidence that the condition occurred in that area with sufficient regularity as to be foreseeable."**

Authority:     *Sofillas v. Carnival Corporation*, 2016 WL 5416110 at *2 (S.D. Fla. July 8, 2016); *Bonnell v. Carnival Corporation*, 2015 WL 12712609 (S.D. Fla. Jan. 20, 2015); *Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583966, at 2 (S.D. Fla. Aug. 16, 2013); *Walmart Stores, Inc. v. Reggie,* 714 So. 2d 601, 603 (Fla. 4th DCA 1998)

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 27

**Notice**

The vessel owner or operator can only be held liable when it has actual or constructive notice of the alleged dangerous condition.

Actual notice exists when notice is given to a party directly and personally.

Constructive notice of a defective condition exists when the vessel owner reasonably should have known that the condition existed and that it posed an unreasonable hazard.

Additionally, the ship operator must have been on notice of the alleged dangerous condition for a sufficient interval of time to invite corrective measures.

*Monteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 1988 AMC 1146 (2d Cir. 1988); Rainey v. Paquet Cruises, Inc., 709 F.2d 169, 172 (2d Cir. 1983); Harnesk v. Carnival Cruise Lines, Inc., 1992 AMC 1472, 1472-78 (S.D. Fla. 1991);Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989); Black's Law Dictionary 1061-62 (6th ed. 1990).*

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 28

### Violation of Industry Standards

**Violation of the Industry Standards is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a standard, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.**

Authority:      Florida Standard Jury Instruction 4.11. *See also Holderbaum v. Carnival*, 87 F. Supp.3d 1345 (S.D. Fla. 2015); *Skokan v. Royal Caribbean Cruises, Ltd.*, 2018 WL 5044603 (S.D. Fla. Oct. 17, 2018); *Cook v. Royal Caribbean Cruises, Ltd.* 2012 WL 1792628 (S.D. Fla. May 15, 2012)

GRANTED          _____

DENIED          _____

MODIFIED          _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 29

**No duty to warn of open and obvious dangers**

*A ship operator's duty to warn its passengers of dangers extends only to those dangers which are not apparent or obvious to the passenger.  An open and obvious danger is one that is perceivable to the person through the ordinary use of his or her senses.*

*The vessel operator is entitled to expect a ship passenger to take necessary precautions for his or her own safety, including perceiving obvious conditions through the ordinary use of his or her senses.*

*Keefe v. Bahama Cruise Lines, Inc.,867 F.2d 1318, 1320 (11ᵗʰ Cir. 1989); Luby v. Carnival Cruise Lines, Inc., 633 F.Supp. 40, 42 (S.D. Fla. 1986), aff'd 808 F.2d 60 (11ᵗʰ Cir. 1986);Picar v. Blue Horizon, 1993 AMC 1642 (N.D. Cal. 1991).*

GRANTED          _____

DENIED          _____

MODIFIED          _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 30

**Negligent Design**

In order for Defendant to be held liable for negligent design of the ship or any specific area of the ship, Plaintiff bears the burden of proof to demonstrate that the Defendant actually designed or participated in the design of the specific area.

Additionally, Plaintiff must also establish that the Defendant had actual or constructive notice of the claimed design defect for a sufficient interval of time so as to invite corrective measures.

If you find that Plaintiff has satisfied his burden of proof on these elements, then you may find the Defendant liable for negligent design and award damages to the Plaintiff that you find were causally related to the negligent design.

If you find that Plaintiff has failed to satisfy his burden of proof on these elements, then your verdict is properly entered for the Defendant on the negligent design theory of liability.

*Dillaha v. Yamaha Motor Corp.*, 23 F.3d 1376 (8th Cir. 1994); *Cornish v. Renaissance Hotel Operating Company*, 2008 WL 1743861 (M.D. Fla. 2008); *Everett v. Carnival Cruise Line*, 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988); *Groves v. Royal Caribbean Cruises, Ltd.*, 462 Fed. Appx. 837, 2012 U.S. App. LEXIS 5753, 2012 WL 933236 at*1 (11th Cir. 2012); *Rodgers v. Costa Crociere, S.P.A.*, 410 Fed. App'x 210 (11th Cir. 2010).

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO. 31

THE PENNSYLVANIA RULE

**If you find that Carnival Corporation violated an applicable industry standard, statute, and/or regulation, Carnival Corporation has the burden to prove that its violation could not have been the cause of the accident.**

**Authority:   The 'Pennsylvania Rule', a burden of proof shifting rule activated by a statutory violation, applies outside of collision cases.  "This rule has been expanded beyond collision cases to apply to any "statutory violator who is a party to maritime accident."** *Florida Marine Transporters, Inc. v. Sanford*, **255 Fed. Appx. 885, 888-889 (5th Cir. 2007), citing** *Pennzoil Producing Co. v. Offshore Express, Inc.*, **943 F.2d 1465, 1472 (5th Cir. 1991).** *See also U.S. v. Nassau Marine Corp.*, **778 F.2d 1111, 1116 (5th Cir. 1985) ("The [Pennsylvania] Rule does not apply only to collisions."). In** *United States v. Nassau Marine*, **778 F.2d 1111 (5 Cir. 1985), the court  articulated a test for determining when to apply the presumption of the  Pennsylvania Rule. That Court held that three elements must exist: (1) proof by a preponderance of the evidence of violation of a statute or regulation that imposes a mandatory duty: (2) the statute or regulation must involve marine safety or navigation; and (3) the injury suffered must be of a nature that the statute or regulation was intended to prevent. Id. at 1116-1117;** *Folkstone Maritime v. CSX Corporation*, **1995 AMC 2705, 2716, 64 F.3d 1037, 1047 (7 Cir. 1995). If each of these criteria are satisfied, a party is entitled to a presumption that a statutory violation of a defendant caused, or at least contributed to, the injury or damage complained of.**

**In** *Nautilus Motor Tanker Limitation Proceedings*, **1996 AMC 2308, 2317-2318 (3rd Cir 1996) the Court found that the plaintiff has proven a statutory violation and agreed with plaintiff's contention that the Pennsylvania Rule is applicable to non-collision cases such as the instant matter before the Court. See In** *re Seaboard Shipping Corp.*, **449 F.2d 132, 136, 1971 AMC 2145, 2152 (2d Cir. 1971), cert. denied, 406 U.S. 949, 92 S. Ct. 2038-39, 32 L. Ed. 2d 337 (1972);** *Kernan v. American Dredging Co.*, **355 U.S. 426, 78 S. Ct. 394, 2 L. Ed. 2d 382 (1958);** *The Denali*, **112 F.2d 952 (9th Cir. 1940).**
**In the fire fighting arena, the Fifth Circuit has specifically found the Pennsylvania Rule to be applicable.** *Pennzoil Producing Co. v. Offshore Express, Inc.*, **943 F.2d 1465, 1472 (5th Cir. 1991)**
*Subaqueous Services Inc. v. Corbin*, **35 FLW D208a (Fla. 1st DCA 2010) citing** *The Pennsylvania* **86 US 125, 136 (1873). (Holding 'Burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been').**

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 32

### Legal Cause (Proximate, Concurring, Intervening Cause)

**a. Legal cause generally:**

**Negligence is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the negligence, the injury would not have occurred.**

**b. Concurring cause:**

**In order to be regarded as a legal cause of injury, negligence need not be the only cause. Negligence may be a legal cause of injury even though it operates in combination with some natural cause or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such injury.**

Authority:      Florida Standard Jury Instruction 5.1 (a) and (b)

GIVEN                    _____

DENIED                   _____

MODIFIED                 _____

WITHDRAWN                _____

## PROPOSED JURY INSTRUCTION NO. 33

**Foreseeability**

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible in negligence for the results of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be not merely possible, but reasonably foreseeable.

There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably or negligently in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as a result of his or her conduct, or acted reasonably in the light of what could have been foreseen.

Daigle v. Point Landing, Inc., 616 F.2d 825, 827 (5th Cir. 1980)
Desiderio v. Celebrity Cruise Lines, Inc., 1999 WL 440775, *15 (S.D.N.Y. 1999)
Palmieri v. Celebrity Cruise Lines, Inc., 1999 WL 494119, *3-4 (S.D. N.Y. 1999)

GIVEN          _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

PROPOSED JURY INSTRUCTION NO. 34

**Negligence - Comparative Negligence Defense.**
**401.22 Defense Issues**
[*Substantive Instructions*]

**If, however, the greater weight of the evidence supports Richard Ward's claims, then you shall consider the defenses raised by the defendants.**

**On the [first]\* defense, the issue[s] for you to decide [is] [are]:**

*a.   Comparative negligence generally:*

**Whether Richard Ward was himself negligent in slipping and falling in Carnival's passenger cabin bathroom and, if so, whether that negligence was a contributing legal cause of injury or damage to Richard Ward.**

**If the greater weight of the evidence does not support Carnival's defense of comparative negligence and the greater weight of the evidence does support Richard Ward's claims, then your verdict should be for Richard Ward in the total amount of his damages.**

**If, however, the greater weight of the evidence shows that both Richard Ward and Carnival were negligent and that the negligence of each contributed as a legal cause of injury sustained by Richard Ward, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.**

Authority:   Fla. Std. Jury Inst. (Civ.) (2010), 401.22 and 401.23; *see In re Standard Jury Instructions in Civil Cases*, No. 09-02, 35 So.3d 666 (Fla. 2010).

GIVEN            _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

**PROPOSED JURY INSTRUCTION NO. 35**

**Elements of Damages in Maritime Cases**

a.      *Injury, pain, disability, disfigurement, scarring, loss of capacity for enjoyment of life:*

Any bodily injury sustained by Richard Ward and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

*b.      Aggravation or activation of disease or defect:*

Any aggravation of an existing disease of physical defect [or activation of any such latent condition], resulting from such injury.  If you find that there was such an aggravation, you should determine, if you can, what portion of Richard Ward's condition resulted from the aggravation and make allowance in your verdict only for the aggravation.  However, if you cannot make the determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

*c.      Medical expenses:*

*Care and treatment of claimant: (Formerly 6.2c)*

The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Richard Ward in the past or to be so obtained in the future.

*care and treatment of minor claimant after reaching majority:*

The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably to be obtained by (minor claimant) after [he] [she] reaches the age of (legal age).

Authority:      Florida Standard Jury Instruction 6.2; *Watson v. Wilkinson Trucking Co.,* 244 S.C. 217, 136 S.E.2d 286 (1964); ***Couch, III v. Cro-Marine Transport, Inc*.**, 44 F.3d 319, 328 (5th Cir.1995).  See also Force and Norris, The Law of Maritime Personal Injuries, 5th Edition, Section 11:1.]

GIVEN            _____

DENIED          _____

MODIFIED       _____

WITHDRAWN            _____

### PROPOSED JURY INSTRUCTION NO. 36

### Mortality Tables - Actuarial Evidence
### Life Expectancy in General

**If a preponderance of the evidence shows that the Plaintiff, Richard Ward has been permanently injured, you may consider the Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff, Richard Ward's life.**

Authority:      Eleventh Circuit Pattern Jury Instruction - State Claims Instructions 3.1

GIVEN                _____

DENIED              _____

MODIFIED          _____

WITHDRAWN       _____

**PROPOSED JURY INSTRUCTION NO. 37**

**Reduction of Damages to Present Value**

Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Richard Ward for these losses as they are actually experienced in future years.

Authority:     Florida Standard Jury Instruction 6.10; *Eleventh Circuit Pattern Jury Instructions - Supplemental Damages Instructions 5.1*

GIVEN                    _____

DENIED                   _____

MODIFIED                 _____

WITHDRAWN                _____

**PROPOSED JURY INSTRUCTION NO. 38**

***Duty to mitigate (In General)***
    *You are instructed that any person who claims as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity he may have had under the circumstances to reduce to minimize the loss or damage.*

    *So, if you should find from a preponderance of the evidence that Mr. Ward failed to seek out or take advantage of a business or employment opportunity that was reasonably available to him under all the circumstances shown by the evidence, then you should reduce the amount of her damages by the amount, he could have reasonably realized if she had taken advantage of such opportunity.*

Authority: *U.S. Eleventh Circuit Pattern Jury Instructions - Supplemental Damages Instructions 1.1*

GIVEN      _____

DENIED     _____

MODIFIED   _____

WITHDRAWN  _____

**PROPOSED JURY INSTRUCTION NO. 39**

**Duty to mitigate (Pursuing Medical Care)**

*The Plaintiff also has a duty to minimize damages by following the recommendations of the physicians.  In other words, a person who has suffered injury by reason of a defendant's negligence is bound to use reasonable care and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and follow reasonable programs of medical care or treatment to restore or correct the injured condition.*

*Failure of the Plaintiff to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent recovery of such damages as might have been avoided.*

*Eleventh Circuit Pattern Jury Instructions - Supplemental Damages Instructions 1.2*

GIVEN                    _____

DENIED                  _____

MODIFIED              _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION NO. 40

***Future medical damages/expenses***

Plaintiff must prove her damages within a reasonable degree of certainty and it is her burden to prove future medical treatment will be necessary within a reasonable degree of medical certainty.  An award of damages may not be based on mere speculation or guesswork.

*Guyana Tel. & Tel. Co., Ltd., v. Melbourne Int'l Comm., Ltd.*, 329 F.3d 1241, 1247 (11th Cir.2003)
*Kloster Cruise Ltd. v. Grubbs*, 762 So.2d 552, 556 (Fla. 3rd DCA 2000)
*Truelove v. Blount*, 954 So.2d 1284, 1287 (Fla. 2nd DCA 2007)
*Garriga v. Guerra*, 753 So.2d 146 (Fla. 3rd DCA 2000)
*Shearon v. Sullivan*, 821 So.2d 1222, 1224 (Fla. 1st DCA 2002)
*Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir.2001)
*Baucom v. Sisco Stevedoring, LLC*, 2008 WL 1994934 (S.D. Ala.)

GIVEN          _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

## PROPOSED JURY INSTRUCTION NO. 41

*Pre-existing injuries*

In this case, the Defendant, Carnival Corporation, asserts the affirmative defense[s] that Plaintiff's injuries are the result of pre-existing injuries or medical conditions.  Even if the Plaintiff proves her claim by a preponderance of the evidence, Carnival Corporation can prevail on an aspect of Mr. Ward's claim if it proves an affirmative defense by a preponderance of the evidence.

I caution you that the Defendant, Carnival Corporation does not have to disprove the Plaintiff's claim, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

*3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence*

GIVEN                      _____

DENIED                    _____

MODIFIED               _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION NO. 42

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:     Eleventh Circuit Civil Pattern Jury Instruction 3.8.1

GIVEN                 _____

DENIED                _____

MODIFIED              _____

WITHDRAWN            _____

## PROPOSED JURY INSTRUCTION NO. 43

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

**When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.**

**A verdict form has been prepared for your convenience.**

**[Explain verdict]**

**Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.**

**If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.**

Authority:     Eleventh Circuit Civil Pattern Jury Instruction 3.9

GIVEN                _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

### PROPOSED JURY INSTRUCTION NO. 44

### 2.8 Civil *Allen* Charge

**Members of the jury:**

**I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.**

**This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.**

**Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.**

**It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.**

**You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.**

**If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.**

**You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.**
**I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.**

**You may now return to the jury room and continue your deliberations.**

Authority:     Eleventh Circuit Civil Pattern Jury Instruction 2.8

GIVEN                 _____

DENIED               _____

MODIFIED            _____

WITHDRAWN      _____


Dated:  21st day of January, 2019

Respectfully submitted,


By: _s/Sarah A. Lobel_____            By: __s/David Horr_____
   **John H. Hickey, Esq.** (FBN 305081)          **David Horr, Esq.** (FBN 310761)
   hickey@hickeylawfirm.com                      dhorr@admiral-law.com
   **Sarah A. Lobel, Esq.** (FBN 88716)            **Juan C. Perez, Esq.**
   slobel@hickeylawfirm.com                      jperez@admiral-law.com
   **Hickey Law Firm, P.A.**                       Horr, Novak & Skipp, P.A.
   1401 Brickell Avenue, Suite 510               Two Datran Center, Suite 1700
   Miami, FL  33131                              Miami, FL  33156
   Tel. (305) 371-8000                           Tel: (305) 670-2525
   Fax: (305) 371-3542                           Fax: (305) 670-2526
   *Attorneys for Plaintiff*                       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 23nd day of January, 2019.  We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*s/ Sarah Anne Lobel*
Sarah Anne Lobel (FBN 88716)

## SERVICE LIST

**RICHARD WARD v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE
CASE NUMBER 1:17-CV-24628-RNS**

| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081)<br>hickey@hickeylawfirm.com<br>**Sarah A. Lobel, Esq.** (FBN 88716)<br>slobel@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL  33131<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Attorneys for Plaintiff* | **David Horr, Esq.** (FBN 310761)<br>dhorr@admiral-law.com<br> **Juan C. Perez, Esq.**<br>jperez@admiral-law.com<br>Horr, Novak & Skipp, P.A.<br>Two Datran Center, Suite 1700<br>Miami, FL  33156<br>Tel: (305) 670-2525<br>Fax: (305) 670-2526<br>*Attoneys for Defendant* |